NO. 07-09-00359-CR, 07-09-00360-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
AUGUST 12, 2010
--------------------------------------------------------------------------------

 
 BARRY JACK HAWKINS, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;
 
 NO. 49,560-C, 49,561-C; HONORABLE ANA ESTEVEZ, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK , JJ.

 MEMORANDUM OPINION
 
Appellant, Barry Jack Hawkins, was convicted of a violation of section 550.021 of the Texas Transportation Code, accident involving injury or death (Appellate Cause No. 07-09-0360-CR), and at the same time was convicted of a violation of Texas Penal Code section 37.09(d)(1), tampering with physical evidence (Appellate Cause No. 07-09-0359-CR). Appellant entered a plea of guilty to both offenses. In No. 07-09-0359-CR, punishment was assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for a period of five years. The sentence of confinement was suspended, and appellant was placed on community supervision for 10 years. In No. 07-09-0360-CR, appellant was sentenced to 10 years confinement in the ID-TDCJ. The sentence of confinement was suspended, and appellant was placed on community supervision for ten years. Subsequently, the State filed a motion to revoke each of the community supervisions, and appellant entered a plea of true to the allegations contained in the motion to revoke community supervision. After hearing punishment evidence, the trial court assessed appellant's punishment at five years confinement in ID-TDCJ with a fine assessed of $3,000 in No. 07-09-0359-CR and 10 years confinement in the ID-TDCJ in No. 07-09-0360-CR. The sentences are to run concurrently. Appellant appeals the judgment of the trial court.
Appellants attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of her motion to withdraw, counsel certifies that she has diligently reviewed the record, and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial courts judgment. Additionally, counsel has certified that she has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The Court has also advised appellant of his right to file a pro se response. Appellant has not filed a response.
By her Anders brief, counsel raised a ground that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed this ground and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.
Accordingly, counsels motion to withdraw is hereby granted, and the trial courts judgment is affirmed.

 Mackey K. Hancock
 Justice
Do not publish.